FILED by _____ D.C.
ELECTRONIC

**Apr. 20, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

PALM BEACH STATE COURT
CASE NO: 50 2009 CA 008461 XXXX MB

## 09-80593-Civ-MARRA/JOHNSON

STEVEN E. LEBER, AS TRUSTEE OF
THE STEVEN E. LEBER CHARITABLE
REMAINDER UNITRUST,

        Plaintiff,

vs.

PAUL J. KONIGSBERG and KONIGSBERG,
WOLF & CO., P.C.,

        Defendants.

_____/

### <u>DEFENDANTS' UNOPPOSED NOTICE OF REMOVAL</u>

COMES NOW Defendants, PAUL J. KONIGSBERG and KONIGSBERG WOLF & CO., PC. (hereinafter "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. § § 1441, 1446 and 1332, hereby file their Notice of Removal of an action pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court, Southern District of Florida, West Palm Beach Division, and states as follows:

1.   On or about March 10, 2009, the Plaintiff filed the Complaint in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, entitled *Steven E. Leber, as trustee of the Steven E. Leber Charitable Remainder Unitrust v. PAUL*

CASE NO:

*J. KONIGSBERG and Konigsberg Wolf & Co., P.C.*, Case No. 50 2009 CA 008461 XXXX MB ("State Court Action").

2. On March 20, 2009, Defendant KONIGSBERG WOLF & CO., P.C., was served with the Complaint. On or about April 14, 2009, Defendant PAUL J. KONIGSBERG (MR. KONIGSBERG) was served with the Complaint. The time within which each Defendant is required by the laws of the United States, 18 U.S.C. § 1446(b), to file this Notice of Removal has not yet expired.

3. A copy of all process and pleadings served on the Defendants in the State Court Action are attached hereto as Composite Exhibit A. No other process, pleadings, or orders have been served upon the Defendants in this action. Mr. KONIGSBERG and KONIGSBERG WOLF & CO., P.C., are the only Defendants in this action.

4. A copy of the written notice, required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of Court, Palm Beach County, Florida, is attached hereto as Exhibit "B" and will be filed in the State Court Action and forwarded to the Plaintiff upon the filing of this Notice of Removal.

5. This action is of a civil nature and involves claims of negligence and breach of fiduciary duties on the part of both Defendants.

6. This Court has diversity jurisdiction of the action under the provisions of 28 U.S.C. § 1441, 28 U.S.C. § 1332(a)(1), and 28 U.S.C. § 1332(c)(1), in that it is a civil action of which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

CASE NO:

states. Accompanying this Notice of Removal is a Civil Cover Sheet and a check in the amount of $350.00 to cover filing fees.

7.   The instant action is removable under 28 U.S.C. § 1441(a), in that the district court would have original jurisdiction under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(c)(1) (Diversity jurisdiction).  Finally, the Southern District of Florida is the judicial district embracing the place where the state court case was brought and is pending. *See* 28 U.S.C. § 89(c).  Thus, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a).  In addition, the West Palm Beach division is the proper division within the Southern District of Florida to which the case should be removed since the original action was brought in Palm Beach County.

WHEREFORE, Defendants, MR. KONIGSBERG and KONIGSBERG WOLF & CO., PC., pray that the above action be removed from the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to the United State District Court for the Southern District of Florida, West Palm Beach Division.

## II. MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF REMOVAL

Defendants, MR. KONIGSBERG and KONIGSBERG WOLF & CO., PC., ("Defendants"), file this Memorandum of Law in Support of its Notice and removal and state the following:

I.   **Removal is Proper in this case because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interests, and this case involves citizens of different states.**

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

CASE NO:

1. This Court has original jurisdiction over cases where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332(a).

2. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the defendant... to the district court of the United States for the district and division embracing the place where here the action pending."

3. In this matter, the Complaint alleges that the Plaintiff incurred damages in the amount of $4,001,519.39, after the Plaintiff learned that his account with Bernard L. Madoff Investment Securities was fictitious (See Compl. at ¶ 27). The Complaint further alleges that as result of the Defendants' failure to use reasonable and ordinary care in preparing the Plaintiff's tax returns, the Plaintiff allegedly incurred monetary damages. (See Compl. at ¶ 31-¶39).

4. Accordingly, on the face of the Complaint, this matter exceeds the sum or value of $75,000.00 in accordance with the statute. See 28 USC § 1332. Moreover, the Defendants agree that the amount in controversy exceeds $75,000.00.

## II. This Court has jurisdiction over this lawsuit due to diversity of citizenship.

5. This Court has diversity jurisdiction of the action under the provision of 28 U.S.C. § 1441, 28 U.S.C. § 1332(a)(1), and 28 U.S.C. § 1332(c)(1), in that it is a civil action which is between citizens of different states, and, as referenced above, the matter in controversy exceeds the sum or value of $75,000.00.

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

CASE NO:

6. In order to remove a case from a State Court to a Federal District Court the citizenship of each Plaintiff must be different than the citizenship of each Defendant. *See* 28 U.S.C. § 1332(a); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467 (1996).

**A. Defendant KONIGSBERG WOLF & CO., P.C. is not a citizen of the State of Florida, and therefore, diversity of citizenship applies as to this Defendant.**

7. A corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business. 28 U.S.C. § 1332(c)(1).

8. Defendant KONIGSBERG WOLF & CO., P.C., incorporated in the State of New York, with its one principal place of business at 440 Park Avenue South, New York, New York 10016.

9. As referenced in MR. KONIGSBERG'S affidavit, attached as exhibit "C", The New York office of KONIGSBERG WOLF & CO., P.C., employs approximately 50 employees. Additionally, the New York office of KONIGSBERG WOLF & CO., P.C., is the principal office of the firm where the books and records are kept and all major management and operational decisions are made. See Affidavit of Paul Konigsberg.

10. While it is true that KONIGSBERG WOLF & CO., P.C. has an office located in Florida, as referenced in ¶ 4 of the Complaint, the Florida office is merely a satellite office which employs one (1) employee, who is not MR. KONIGSBERG, and no major management and operational decisions are made in the Florida office. See Affidavit of Paul Konigsberg.

-5-
**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

5 of 43

CASE NO:

11. KONIGSBERG WOLF & CO., P.C. is not incorporated in the State of Florida (See exhibit "C"). Additionally, the Complaint acknowledges that Defendant KONIGSBERG WOLF & CO. is a foreign corporation to the State of Florida (See Compl. at ¶4).

12. Therefore, since KONIGSBERG WOLF & CO., P.C. is solely incorporated in the State of New York and not incorporated in the State of Florida, and its sole principal place of business is located in the State of New York, according to 28 U.S.C. § 1332(c)(1), KONIGSBERG WOLF & CO., P.C. is not a citizen of the State of Florida, and therefore, diversity of citizenship applies to this Defendant.

**B. Defendant PAUL J. KONIGSBERG is not a citizen of the State of Florida under 28 U.S.C. § 1332(a), and therefore, diversity of citizenship applies to this Defendant.**

13. In order to be a citizen of a State within the meaning of the diversity statute, 28 U.S.C. § 1332(a)(1), a natural person must both be a citizen of the United States and be domiciled within the state. *See Newman-Green, Inc v. Alfonso-Larrain,* 490 U.S. 826, 828 (1989).

14. A person has only one domicile at a particular time even though he or she may have several residences. *Id.*

15. Moreover, although "citizenship" and "residence" may be interchangeable terms in common parlance, for diversity jurisdiction purposes, the existence of citizenship cannot be inferred from allegation of residence alone. *See Steigleder v. McQueston,* 198 U.S. 141, 142 (1905).

16. In fact, it has long been settled that residence and citizenship were wholly different things within the meaning of the United States Constitution and the laws

-6-

**COLE, SCOTT & KISSANE, P.A.**

DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

6 of 43

CASE NO:

defining and regulating the jurisdiction of the Circuit Courts of the United States; and that mere averment of residence in a particular state is not an averment of citizenship in that state for purposes of jurisdiction. *See Everhart v. Huntsville Female College*, 120 U.S. 223 (1887).

17. A person's "domicile" is, for diversity purposes, the place of his true, fixed, and permanent home and principal establishment, and to which he had intention of returning whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, (5th Cir. 1954).

18. The United States Supreme Court has stated that a change in a person's domicile for purposes of diversity jurisdiction may be effected only by a combination of two different things: (1) taking up residence in a different domicile, and (2) the intention to remain there. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, (1989).

19. In *District of Columbia v. Murphy*, 314 U.S. 441 (1941), the United States Supreme Court discussed several factors a court should consider when determining a person's intent to remain in a certain domicile. These factors include a person's current residence; voting registration and practices; location of spouse and family; location of personal and real property; location of brokerage and bank accounts; memberships in churches, clubs, and other organizations; location of the person's doctors, dentist, accountant and lawyers; place of employment or business; driver's license and automobile registration; and payment of taxes.

-7-
**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

7 of 43

CASE NO:

20. According to the Plaintiff's Complaint, the Plaintiff is a resident of the State of Florida (See Compl. at ¶2).

21. While it is true that MR. KONIGSBERG'S wife owns property in Palm Beach County, Florida, MR. KONIGSBERG does not himself own property in Palm Beach County, Florida.  In fact, MR. KONIGSBERG owns properties in multiple states; however, he spends the majority of his time in the State of Connecticut, as this is where his primary residence is located. Additionally, MR. KONIGSBERG spends a significant amount of time in the State of New York, as this is where his place of employment is located. See the Affidavit of Paul Konigsberg.

22. MR. KONIGSBERG estimates that he spends approximately (80) days a year in Florida, which is not demonstrative of his intent to remain in Florida, or that Florida is his one domicile.   Additionally, MR. KONIGSBERG has few connections to the State of Florida.  See the Affidavit of Paul Konigsberg.

23. MR. KONIGSBERG'S relation to the several factors enumerated by the United States Supreme Court in determining a person's domicile clearly demonstrate that the State of Florida is not MR. KONIGSBERG'S domicile. See Affidavit of Paul Konigsberg.

24. Since the Plaintiff is a resident of the State of Florida, and both Defendants are not residents of the State of Florida, complete diversity exists in this case, and therefore, removal is proper based upon diversity of citizenship.

**III.    Removal is Timely**

-8-

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

8 of 43

CASE NO:

25. Pursuant to 28 U.S.C. § 1446(b), a notice of removal must "be filed within thirty days after receipt by the defendant, through service or otherwise, or a copy of the initial pleading setting forth the claim for relief."

26. In this District, the thirty (30) day time period referenced in 28 U.S.C. § 1446(b) initiates with <u>proper service</u> of the lawsuit. *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.,* 645 F.Supp. 37, 38 (S.D.Fla. 1986)  (following the "proper service rule" to trigger the removal period and interpreting it to require (1) the defendant actually receive a copy of the complaint through service or otherwise; and (2) the defendant be <u>properly served</u> under state law).

27. While this Court in *Goodyear* observed that, in other districts, the thirty day time period may be initiated by something other than service of the complaint, it must be emphasized that this Court soundly rejected that practice and enunciated the black letter rule in the Southern District requiring proper service of the complaint. *Id* at 38.  The United States Supreme Court clarified 28 U.S.C. § 1446(b) to be consistent with the bedrock principle that "A defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999).  Therefore, and regardless of Plaintiff filing its action on March 10, 2009, the removal period in this case did not commence until formal service of process was perfected on Defendant KONIGSBERG WOLF & CO., P.C., on March 20, 2009.  The instant notice is being filed within (30) days after proper service of process, and therefore, timely pursuant to 28 U.S.C. § 1446(b).

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

CASE NO:

28. In this case, the Plaintiff filed the Complaint in the Circuit Court of Palm Beach County, Florida, on or about March 10, 2009. On or about March 20, 2009, the Complaint was served on Defendant KONIGSBERG WOLF & CO. in the State of New York (See attached Composite Exhibit "A"). Thereafter, Defendant MR. KONIGSBERG was served on or about April 14, 2009. As such, the Defendants filed their Notice of Removal within the (30) day period, thereby making the Defendants' notice timely.

29. In conclusion, all requirements under 28 U.S.C. § § 1441, 1446 and 1332 are met in this case for removal from the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court, Southern District of Florida, West Palm Beach Division. Specifically, the amount in controversy exceeds $75,000.00, complete diversity of citizenship exists, and this Notice of Removal was timely filed.

**IV. Plaintiff Has No Objection To This Notice Of Removal**

30. In accordance with the rules, on April 16, 2009, the undersigned counsel conferred with the Plaintiff's counsel, Lee Milich, Esq., and the Plaintiff's counsel informed the undersigned counsel that the Plaintiff has no objection to this Notice of Removal, and that the Plaintiff will not oppose the removal of this case to the United States District Court for the Southern District of Florida, West Palm Beach Division.

**WHEREFORE**, Defendants, MR. KONIGSBERG and KONIGSBERG WOLF & CO., PC., pray that the above action be removed from the Circuit Court for the

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

CASE NO:

Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to the United States

District Court for the Southern District of Florida, West Palm Beach Division.


Dated 17th day of April, 2009.

Richard P. Cole (FBN: 186589)
E-mail: Richard.Cole@csklegal.com
Blake S. Sando (FBN: 939293)
E-mail: Blake.Sando@csklegal.com
COLE, SCOTT & KISSANE, P.A.
9150 S. Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Tel:    305-350-5300
Fax:    305-373-2294
Attorney for Defendants,
PAUL KONIGSBERG and
KONIGSBERG, WOLF & CO., P.C.,

-11-
**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

11 of 43

CASE NO:

## CERTIFICATE OF SERVICE

We hereby certify that the foregoing was furnished via electronic filing to all parties listed on _____17th_____ day of April, 2009 to: Lee Milich, Esq., Counsel for Plaintiff, Lee Milich P.A., 100 W. Cypress Creek Road, Suite 935, Fort Lauderdale, Fl 33309.

Richard P. Cole (FBN: 186589)
E-mail: Richard.Cole@csklegal.com
Blake S. Sando (FBN: 939293)
E-mail: Blake.Sando@csklegal.com
COLE, SCOTT & KISSANE, P.A.
9150 S. Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Tel:    305-350-5300
Fax:    305-373-2294
Attorney for Defendants,
PAUL KONIGSBERG and
KONIGSBERG, WOLF & CO., P.C.,

L:\4101-0470-00\P\D Notice of Removal (SD).doc

-12-
**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

IN THE CIRCUIT COURT OF THE
15th JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION
CASE NO:

50 2009 CA 0 0 8 4 6 1 XXXX MB

AH

STEVEN E. LEBER, AS TRUSTEE OF THE
STEVEN E. LEBER CHARITABLE REMAINDER UNITRUST,
    Plaintiff

v.

PAUL J. KONIGSBERG and KONIGSBERG WOLF & CO., P.C.,
    Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, STEVEN E. LEBER, AS TRUSTEE OF THE

STEVEN E. LEBER CHARITABLE REMAINDER UNITRUST (hereinafter "Leber"),

by and through undersigned counsel, and sues the Defendants, PAUL J. KONIGSBERG

(hereinafter "Konigsberg") and KONIGSBERG WOLF & CO., P.C. (hereinafter

"Konigsberg Wolf"), and alleges as follows:

## JURISDICTION, PARTIES, VENUE

1.    This is an action in excess of $15,000 and, as such, is within the

jurisdictional limits of this Court.

2.    The Plaintiff, Leber, is sui juris, and a resident of Palm Beach County,

Florida. He is the trustee of the Steven E. Leber Charitable Remainder Unitrust

(hereinafter the "Trust"). At all times material hereto, Leber acted on behalf of the Trust.

1



3.    The Defendant, Konigsberg, is a resident of Palm Beach County, Florida at 3110 Miro Drive North, Palm Beach Gardens, Florida 33410 and previously at 3875 Toulouse Drive, Palm Beach Gardens, Florida 33410. Konigsberg is the named partner of Konigsberg Wolf.

4.    The Defendant, Konigsberg Wolf, is a foreign corporation and doing business in Palm Beach County, Florida with an office at 9765 Napoli Woods Lane, Delray Beach, Florida 33446.

5.    This action is properly brought in Palm Beach County, Florida.

6.    Konigsberg Wolf is a certified public accounting firm which provides a "hands-on approach that begins at the most senior level of Konigsberg management." Konigsberg Wolf also provides "supervisory services over its clients accounts and provides preparation and analysis of accounting records." A copy of the services provided by Konigsberg Wolf, as set forth in detail on its website, is annexed hereto as Exhibit "A." In addition, included in Konigsberg Wolf's services are the introduction of clients to "potential partners and investors," and providing planning and advisory services for their client's investments.

## FACTS

7.    Upon information and belief, Konigsberg was the accountant for the Madoff Family Foundation and has an ownership interest or otherwise involved in Madoff Securities International, Ltd. ("Madoff Securities"), the London-based operation of Bernard L. Madoff Investment Securities ("Madoff").

2

8.    Upon information and belief, Konigsberg facilitated the investment of money from individuals, corporations, trust, and charities, with Madoff.

9.    On or about October 1998, Leber met with Konigsberg who solicited the investment by the Trust of its funds with Madoff.

10.    Konigsberg facilitated the investment by the Trust of its funds with Madoff and specifically instructed Leber that the Trust should invest all of its funds with Madoff to meet the investment criteria of Madoff.

11.    Konigsberg arranged to have Leber receive a new account form from Madoff which Leber filled out. A copy of the new account form is annexed hereto as Exhibit "B."

12.    The new account form from Madoff listed Paul Konigsberg as the facilitator.

13    Also, the new account form from Madoff listed Madoff Securities as an affiliate.

14.    Konigsberg requested that Leber forward the completed new account form to Madoff with Konigsberg's name.

15.    On November 2, 1998, Leber submitted the completed new account form to Madoff. A copy of the letter submitting the new account form is annexed hereto as Exhibit "C."

16.    At the request of Konigsberg, Leber forwarded the "new account form and a copy of the trust document for the Steven E. Leber Charitable Remainder Unitrust," by letter to Madoff dated on November 2, 1998.  See Exhibit "C."

3

17.    At the instruction of Konigsberg, Leber wired $2,600,000 to Madoff on or about November 3, 1998 and substantial funds were wired on behalf of the Trust thereafter.

18.    Konigsberg instructed Leber to have Madoff confirm the wires to Konigsberg directly; which he did.

19.    In 1998 the Trust had as its accounting firm Prager and Fenton, CPA.

20.    In or about 2001, Konigsberg contacted Leber and requested that Leber change accounting firms for the Trust to Konigsberg Wolf.

21.    Konigsberg represented to Leber in 2001 that he would personally supervise, monitor and provide due diligence as to the Trust's account with Madoff and provide advisory services as to the Trust's assets. Konigsberg promised to provide analysis of the Trust's assets and to provide accounting reviews of the Trust's assets on a continuing basis.

22.    Konigsberg advised Leber that he expected to have the Trust as a client of Konigsberg Wolf in order to keep the Trust's relationship with Madoff intact. If Leber failed to hire Konigsberg and Konigsberg Wolf, his account at Madoff would be jeopardized.

23.    As a direct consequence of Konigsberg's demand, Leber took the Trust's account away from Prager and Fenton, CPA and gave it to the Defendants in 2001.

24.    Thereafter, under the direct supervision of Konigsberg, the Trust became a formal client of Konigsberg Wolf which, inter alia, prepared and reviewed the Trust's annual tax returns. The last preparation by the Defendants of the tax return for the Trust occurred on December 23, 2008.

4

25.    All of the Trust's assets were invested with Madoff pursuant to Konigsberg's facilitation.

26.    As of November 30, 2008, Madoff represented that the account value of the Trust was Four Million One Thousand Five Hundred Nineteen Dollars and Thirty-Nine Cents ($4,001,519.39).

27.    In or about January 2009, Leber first learned that Madoff was a fraud and that no investments had been made by Madoff as to the Trust's accounts and that the Defendants had not performed due diligence, supervision, monitoring, or analysis and had failed to properly advise Leber as to the Trust's investment with Madoff.  Leber first learned that the Defendants failed to use reasonable and ordinary care in their work for the Trust in January 2009.

28.    Leber was informed in or about January 2009 that the Trust's accounts and listed investments that he had submitted to Konigsberg at Konigsberg Wolf for review, analysis and continuous monitoring and used to prepare tax returns were non-existent.

29.    On February 10, 2009, Leber, through counsel, made demand upon Konigsberg and Konigsberg Wolf for damages resulting from their negligence and breach of fiduciary duty and requested payment of $4,001,519.39.  A copy of the demand letter is annexed hereto as Exhibit "D."


COUNT I
NEGLIGENCE

30.    Plaintiff repeats and realleges paragraphs 1 through 29 as if here realleged in full.

5

31.    The Defendants had a legal duty to protect the Plaintiff under the circumstances.

32.    The Defendants has a duty to supervise, monitor, and provide due diligence as to the Trust's account with Madoff and to make sure that the Madoff statements provided to them were not fictitious. The Defendants had a duty to use reasonable and ordinary care with regard to their duties involving the Trust and its investments with Madoff.

33.    The Defendants had a duty to analyze the Trust's assets and provide accounting reviews of the Trust's assets on a continuing basis.

34.    The Defendants failed to comply with these duties.

35.    An examination of the documents from Madoff provided to the Defendants would have revealed that the listed trades listed were false.

36.    Due diligence by the Defendants would have revealed that the Trust's account with Madoff contained fictitious entries.

37.    Due diligence by the Defendants would have revealed that the Trust's investment with Madoff was a fraud.

38.    Defendants failed to conduct a due diligence examination of the Trust's account and as a consequence of their involvement with Madoff and Madoff Securities.

39.    As a consequence of Defendants failure to comply with these duties the Plaintiff has suffered injury.

40.    Plaintiff is entitled to damages as a proximate cause of Defendants failure and breach of their duty to Plaintiff.

.

6

WHEREFORE, Plaintiff requests that this Court award it damages together with interest, costs, and for such further relief that this Court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY

41. Plaintiff repeats and realigns paragraphs 1 through 29 as if here realigned in full.

42. As a consequence of the relationship herein set forth, their existed a fiduciary relationship between Plaintiff and the Defendants.

43. There existed a fiduciary duty from Defendants to Plaintiff.

44. Defendants breached their fiduciary duty to Plaintiff.

45. The proximate cause of Plaintiff's damages is the breach of Defendants fiduciary duty.

46. Upon information and belief, Konigsberg and Konigsberg Wolf during the period that they represented the Trust also were involved in various enterprises of Bernard Madoff, including but not limited to the Madoff Family Foundation and Madoff Securities. Konigsberg facilitated investments into Madoff.

47. This created a conflict of interest which resulted in the failure of the Defendants to properly manage, supervise, monitor and advise Leber as to the Trust's accounts since all of the monies invested in the Trust were with Madoff.

48. The Defendants failed to exercise reasonable and ordinary care.

49. The Defendants were aware that Leber was relying upon them to provide management, supervision, monitoring and advice as to the Trust's account.

7

50. At all times relevant hereto, the Defendants had a fiduciary duty to Plaintiff to properly supervise, monitor, and advise as to the Trust's investment with Madoff which they breached resulting in damages to Plaintiff.

WHEREFORE, Plaintiff requests that this Court award it damages together with interest, costs, and for such further relief that this Court deems just and proper.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

Dated: March 9, 2009

> LEE MILICH, P. A.
> 100 West Cypress Creek Road
> Suite 935, Trade Centre South
> Ft. Lauderdale, FL 33309
> Tel (954) 771-0211
> Fax (954) 771-1128
>
> By: _____
> LEE MILICH
> Fla. Bar No. 287581

8

**Konigsberg**

Home | About Us | Client Services | Contact Us | News & Resources | Resources





## Client Services



**ACCOUNTING/AUDITING**
**TAX SERVICES**
**MANAGEMENT CONSULTING**

*Konigsberg Wolf & Co., P.C.* is a certified public accounting firm with a strong commitment to client service. Konigsberg's partners and staff are able to provide all of the financial services that any growing business requires, with teams of skilled specialists working in the areas of Accounting and Auditing, Tax and Management Consulting.

Our commitment to service translates into a hands-on approach that begins at the most senior level of Konigsberg management. Unlike other firms that have a partner in charge in name only, Konigsberg offers each client the active participation of a partner in its day-to-day financial activities and business decisions.

At Konigsberg, management is interested in more than "the big picture" – reviewing the financial life of each company. Each of our partners is also concerned with "the moving picture" – the ongoing work that has long-term impact on profitability.



For more than 60 years, Konigsberg has offered growth-oriented companies in the middle market range the highest possible levels of professionalism, attention and expertise. We have client relationships that span decades and we are proud of the reputation that the Konigsberg name has earned.

Our active, hands-on involvement, coupled with our strong service orientation, are the qualities that set Konigsberg apart from its competitors.

### An Entrepreneurial Approach 

The professionals at Konigsberg understand the dynamics of mid-sized

**EXHIBIT "A"**


companies – not simply from a textbook perspective, but because we are entrepreneurs ourselves.

By understanding your objective, by providing complete and carefully prepared financial information, by making recommendations for improvements to accounting and control systems, by assisting in obtaining credit and financing, Konigsberg is able to serve clients and to assist in important business decisions.

Konigsberg, after all, has grown through mergers of other independent public accounting firms into our practice. Our partners speak the same language as the owners of growing businesses.

In fact, we approach all of our client's business needs – for a comprehensive audit, for a break-even analysis, for cost certifications, for budgets, cash flow projections and other special reports – with the overall goals of the business in mind.

The ability to identify with a growing business on its own terms is another quality that positions Konigsberg in the forefront of its field.

## Knowing Your Market

Our partners, by background, are "market aware." That means we have a solid grasp of marketing issues. We can spot trends early. We understand competition, pricing, sales and profits – the issues that affect your growth.

Our knowledge of marketing and our experience in specific vertical industries represent significant dividends for you. We will:

- assist you with business management evaluations

- help with capital formation

- open up distribution analysis

- introduce you to potential partners and investors

- play a key role in mergers and acquisitions

- structure financial deals

- provide guidance in computer services

- do your financial and estate planning

- create a strategic business plan that includes realistic long-term plans

Besides long-term business strategies, we provide valuable interim suggestions for those difficult periods and transition times that can occur in the life of every company. We will also give financial background and input which can be helpful in such areas as new product introductions, repositioning of products or services and sharpening of market strategies.

In short, Konigsberg understands marketing and makes it easier for you to make marketing decisions, another factor that puts us ahead of other accounting firms our size.

## Superior Services

Konigsberg is a full service accounting firm. We build a team of experts with interest and talent in specialized areas of accounting practice. In this way, we keep our staff motivated and we provide our clients with professionals able to address specific needs.

Our Accounting/Auditing Division offers extensive services, including preparation and analysis of accounting records, financial compilations and reviews, certified audits, cash flow management, projections, payroll and sales tax compliance, as well as specialized services for specific industries.

In terms of tax services, the Konigsberg staff is experienced in personal financial planning, executive financial services, estate planning, tax planning, and filing of income tax returns.

Our professionals always point for results that will help minimize your tax burden. We have a strong relationship with the Internal Revenue Service. We are accomplished in assisting IRS, state, and local tax examinations, including review of proposed deficiencies and preparation of protests when necessary. And we have the knowledge, as well as the ongoing training, to keep us abreast of constant changes in tax legislation.

Our tax work for clients is not limited to year-end either. It begins with careful planning at the start of the tax year and continues for 12 months. Throughout the year-long process, we update tax strategies to produce the greatest benefits and to prevent surprises.

Finally, our management consulting services – corporate planning effective budgetary controls, and specialized operations analysis – allow you to improve your business organization.

Superior services, market understanding and hands-on partners with experience as entrepreneurs – these are the factors that spell the difference at Konigsberg Wolf & Co., P.C. We welcome an opportunity to discuss them with you further.





**Konigsberg** Home · About us · Client Services · Our People · News & Resources · Contact us · Resources

## Our People



*Paul J. Konigsberg, CPA* and attorney, is the senior tax partner with Konigsberg Wolf & Co., P.C. For almost 40 years, he has been actively involved in providing tax compliance, planning and advisory services to corporations and individuals.

During his tenure with the firm, Mr. Konigsberg has focused his efforts in the area of personal financial planning, mergers and acquisitions, security transactions, buy-sell agreements, corporate and individual tax planning, succession planning, and elder care. His client roster includes privately-held companies and high net worth individuals. He specializes in providing services to medium-sized businesses whose revenue base is between five and 100 million dollars.

Mr. Konigsberg is both a Certified Public Accountant and an attorney. He is an active member of many professional groups, including the American Institute of Certified Public Accountants and the New York State Society of Certified Public Accountants. He has served on various committees of the New York State Society of Certified Public Accountants, including serving on the Management of Accounting Practice Committee. Mr. Konigsberg is also a member of the American Bar Association and has been admitted to practice before the New York courts, the Federal District Court, the U.S. Tax Court and the Supreme Court of the United States.



Mr. Konigsberg received his BS degree in accounting from New York University (1958), a J.D. degree from Brooklyn Law School (1961), and an LL.M degree in Taxation from New York University (1965).





**BERNARD L. MADOFF**
**Investment Securities**
885 Third Avenue New York, NY 10022-4834

212 230-2424
800 334-1343
Telex 235130
Fax 212 486-8178

TAX ID NO.                          ACCT# ASSIGNED

█ - █ 1 3 9 2

Mr./Mrs./Ms. STEVEN E. Leber Charitable Remainder Unitrust
        NAME
155 East 55 th. Street 6th Floor
        STREET
New York    NY    10622.
        CITY          STATE          ZIP
212-644-8900    /    516-374-█ 4684
TEL. NUMBER        BUSINESS        RESIDENCE

REG. REP.

WE DEEM THE QUESTIONS CONTAINED IN THIS SECTION TO BE REQUIRED BY THE
"KNOW YOUR CUSTOMER" RULE OF THE NATIONAL ASSOCIATION OF SECURITY
DEALERS, AND, THEREFORE, MUST BE ANSWERED IN FULL.

RESIDENCE 1020 Seawane Drive
        Hewlett Harbor NY 11557
NAME OF EMPLOYER (IF HOUSEWIFE, NAME THE HUSBAND'S EMPLOYER)

EMPLOYER'S ADDRESS 155 East 55 Street, 6th Floor, New York, Ny 10022
OCCUPATION Entertainment Producer —
BANK REFERENCE AND ADDRESS Chase Bank — New York, NY
OTHER BROKERAGE ACCOUNTS Merrill Lynch, Prudential —
CLIENT INTRODUCED BY Paul Konigsberg

### FOR OFFICE USE ONLY

R.R.'S ESTIMATE OF CLIENTS NET WORTH $ 8,000,000 —
IS CLIENT OVER 21 YEARS OF AGE    YES X    NO
HOW LONG HAVE YOU KNOWN CLIENT
CLIENT IS CITIZEN OF UNITED STATES —
APPROVED BY

DATE SENT TO CLIENT                    DATE SENT TO CLIENT

MARGIN AGREEMENT _____ _____        MAIL WAIVER FORM _____ _____
JOINT AGREEMENT _____ _____         MULTIPLE A/C FORM _____ _____
CORPORATE ACCOUNT FORM _____ _____  CORPORATE RESOLUTION _____ _____
CO-PARTNERSHIP FORM _____ _____

Affiliated with:
Madoff Securities International Ltd.
43 London Wall, London England EC2M 5TB 071-374 0891

EXHIBIT "B"

**PERSONAL & CONFIDENTIAL**

November 2, 1998

Mr. Frank DiPascali
Bernard L. Madoff Investment Securities
885 Third Avenue
New York, NY  10022

RE:  Steven E. Leber Charitable Remainder Unitrust

Dear Mr. DiPascali:

At the request of Paul Konigsberg, I am forwarding the completed new account forms and a copy of the trust document for the *Steven E. Leber Charitable Remainder Unitrust*.

I will be sending $2,600,000.00 to fund the account via wire transfer on November 3, 1998, and an additional $425,000 (approximate) in the next several weeks.  Please confirm receipt of the wires to Mr. Konigsberg at (212) 685-7215.

Thank you.

Sincerely,

Steven Leber

EXHIBIT "C"



**LEE MILICH, P. A.**
ATTORNEY AT LAW
100 WEST CYPRESS CREEK ROAD
SUITE 935. TRADE CENTRE SOUTH
FT. LAUDERDALE. FLORIDA 33309
(954) 771-0211
FAX (954) 771-1128

February 10, 2009

Paul Konigsberg
Konigsberg Wolf & Co. P.C.
440 Park Avenue South
New York, NY 10016

Sent via CERTIFIED and REGULAR MAIL

Re: The Steven E. Leber Charitable Remainder Unitrust

Dear Mr. Konigsberg:

The undersigned has been retained by Steven E. Leber, as Trustee of The Steven E. Leber Charitable Remainder Unitrust (the "Trust"), with regard to your firm's negligence in the handling of the Trust's account by you and your firm.

The Trust became a client of your firm in approximately 2001. Prior to that time, the Trust had an accounting relationship with Prager and Fenton, CPA.

As you are aware, you facilitated the investment of the Trust's funds into an account with Bernard E. Madoff Investment Securities LLC. Thereafter, you solicited the Trust's accounting business commencing in 2001 by representing that you would personally supervise and monitor the Trust's account and make sure that it was properly handled.   You further advised the Trust that you expected the Trust's work in order to keep the relationship with Madoff intact. As a result the Trust took its account away from Prager and Fenton, CPA. In addition to your duties as set forth above, your firm prepared Income Tax Returns for the Trust since 2001 through the present and were given supporting documentation which you negligently reviewed.

The Trust has recently learned that its investment of $4,001,519.39 with Bernard E. Madoff Investment Securities LLC is fictitious in that the money invested by the Trust under your supervision no longer exists. The Trust has also recently learned that your firm had a conflict of interest by virtue of you and your firm's involvement with Bernard E. Madoff and his various entities, which conflict resulted in a lack of due diligence in your duties to the Trust.

EXHIBIT "D"



February 10, 2009
Paul Konigsberg
Page 2


Your actions were negligent and a breach of the fiduciary duty you owed to the Trust and directly contributed to the loss by the Trust of $4,001,519.39

Accordingly, the Trust hereby makes demand upon you and the firm of Konigsberg Wolf & Co. P.C. for the sum of $4,001,519.39.

PLEASE BE GOVERNED ACCORDINGLY.

Very truly yours,

Lee Milich

LM/rm

**CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of court for the purpose of reporting judicial workload data pursuant to Florida statue 25.075.

**I. CASE STYLE**

CIRCUIT COURT, FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

**50 2009 CA 00 8 4 6 1 XXXX MB**

Judge: _____

STEVEN E. LEBER, AS TRUSTEE OF THE
STEVEN E. LEBER CHARITABLE REMAINDER UNITRUST,
    Plaintiff

v.

PAUL J. KONIGSBERG and KONIGSBERG WOLF & CO., P.C.,
    Defendants.

**AH**

2009 MAR 10 PH 23

**II. TYPE OF CASE** (Check one only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| _ Simplified dissolution | _X_ Professional malpractice | _ Contracts |
| _ Dissolution | _ Products liability | _ Condominium |
| _ Support – IV-D | _ Auto negligence | _ Real property/ |
| _ Support – Non IV-D | _ Other negligence |    Mortgage foreclosure |
| _ URESA – IV-D | | _ Eminent Domain |
| _ URESA – Non IV-D | | _ Other |
| _ Domestic Violence | | |
| _ Other domestic relations | | |

**III. IS JURY TRIAL DEMANDED IN COMPLAINT?**

    _X_  Yes

    _____  No

DATE: March 9, 2009  SIGNATURE OF ATTORNEY FOR
                         PARTY INITIATING ACTION

Florida Bar No. 287581
LEE MILICH, ESQ.
LEE MILICH P.A.

PD

IN THE CIRCUIT COURT OF THE
15th JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION
CASE NO:
50 2009 CA 008461 XXXX MB

AH

STEVEN E. LEBER, AS TRUSTEE OF THE
STEVEN E. LEBER CHARITABLE REMAINDER UNITRUST,
    Plaintiff

v.

PAUL J. KONIGSBERG and KONIGSBERG WOLF & CO., P.C.,
    Defendants.
    _____/

CAPLAN & CAPLAN
631 S. ANDREWS AVE.
FT. LAUDERDALE, FL 33301

## SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the Complaint in
this action on Defendant:

        **PAUL J. KONIGSGERG**
        **440 PARK AVENUE SOUTH**
        **NEW YORK, NEW YORK 10016**

2009 MAR 10 PH 3: 23

    Defendant is required to serve written defenses to the Complaint on Plaintiff's
Attorney:

        **LEE MILICH, P. A.**
        **100 West Cypress Creek Road**
        **Suite 935, Trade Centre South**
        **Ft. Lauderdale, FL 33309**
        **Tel (954) 771 0211**
        **Fax (954) 771 1128**    REC'D _____
                          SERVED _____

within twenty (20) days after service of this summons on the Defendant, exclusive of the day
of service, and to file the original of the defenses with the Clerk of this Court either before
service on Plaintiff's attorney or immediately thereafter. If Defendant fails to do so, a default
will be entered against the Defendant for the relief demanded in the Complaint. _____
                                      (PRINT/SIGN NAME)

                            CERTIFIED IN THE CIRCUIT
                            COUNTY/COURT #_____

New York First

11789y

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in the Administrative Office of the Court, Palm Beach County Courthouse, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401; telephone number (561)355-4380 within two (2) working days of your receipt of this Order; if you are hearing or voice impaired, call 1-800-955-8771.

MAR 1 0 2009

Dated:   March ___, 2009.

SHARON R. BOCK
Clerk & Comptroller

CLERK OF THE COURTS

BY: _____

DEPUTY CLERK
COURT SEAL

DENISE M LAFFERTY

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

IN THE CIRCUIT COURT OF THE
15th JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION
CASE NO:

**50 2009 CA 0 0 8 4 6 1 XXXX MB**

STEVEN E. LEBER, AS TRUSTEE OF THE
STEVEN E. LEBER CHARITABLE REMAINDER UNITRUST,
    Plaintiff

v.

PAUL J. KONIGSBERG and KONIGSBERG WOLF & CO., P.C.,
    Defendants.
_____/

### SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the Complaint
in this action on Defendant:

        **KONIGSBERG WOLF & CO., P.C.**
        **440 PARK AVENUE SOUTH**
        **NEW YORK, NEW YORK 10016**

    Defendant is required to serve written defenses to the Complaint on Plaintiff's
Attorney:

        **LEE MILICH, P. A.**
        **100 West Cypress Creek Road**
        **Suite 935, Trade Centre South**
        **Ft. Lauderdale, FL 33309**
        **Tel (954) 771 0211**
        **Fax (954) 771 1128**

within twenty (20) days after service of this summons on the Defendant, exclusive of the
day of service, and to file the original of the defenses with the Clerk of this Court either
before service on Plaintiff's attorney or immediately thereafter. If Defendant fails to do
so, a default will be entered against the Defendant for the relief demanded in the
Complaint.

                        (PRINT/SIG

                    CERTIFIED IN
                    COUNTY/C

New York Finest.

117904

CAPLAN & CAPLAN
631 S. ANDREWS AVE.
T LAUDERDALE, FL 33301

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in the Administrative Office of the Court, Palm Beach County Courthouse, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401; telephone number (561)355-4380 within two (2) working days of your receipt of this Order; if you are hearing or voice impaired, call 1-800-955-8771.

Dated:   March **MAR 10 2009**, 2009.

SHARON R. BOCK
Clerk & Comptroller

CLERK OF THE COURTS

BY: 
DEPUTY CLERK
COURT SEAL

DENISE M LAFFERTY

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION
CASE NO: 50 2009CA008461XXXXMB

STEVEN E. LEBER, AS TRUSTEE OF THE STEVEN
E. LEBER CHARITABLE REMAINDER UNITRUST,

                              Plaintiff,                    AFFIDAVIT OF
                                                            SERVICE
        -against-

PAUL J. KONIGSBERG, ET AL.,
                              Defendant,

Nassau County, New York State: **JOHN CLEERE**
Being sworn says: Deponent is not a party herein, is over 18 years of age and resides in
**NEW YORK STATE**
On MARCH 20, 2009 at 2:25 PM at 440 PARK AVENUE SOUTH NEW YORK, NY 10016
Deponent served the within **SUMMONS AND COMPLAINT**
On which were set forth the Case No: herein,
On **KONISGBERG WOLF & CO., P.C.**

Corporation    by delivering a true copy of each to **LUISA VINCI BONILLA**
{XXX}          personally, deponent knew said corporation so served to be the corporation described in
               same and knew said recipient to be the **BUSINESS AGENT** thereof to accept.

Description    Sex: FEMALE   Color/Skin: WHITE    Hair: BROWN   Age (approx): 45-55 yrs
{XXX}          Height (approx): 5'6"-5'7"    Weight (approx): 130-140 LBS   Other:

Military       I asked the person to whether recipient was in active military service of the United States
Service        or the State of New York in any capacity whatever and received a negative reply.
{XXX}          Recipient wore civilian clothes and no military uniform. The source of my information
               and the grounds of my belief are the conversations and observations above narrated.

Sworn to before me on March 24, 2009

                                                    **JOHN CLEERE**
                                                    LIC NO. 1244813

GARY R.VETTER                                       **WRIT # 11790Y**
Notary Public, State of New York
No. 01VE6122812
Qualified in Queens County
Commission Expires: February 16, 2009

IN THE CIRCUIT COURT OF THE
15th JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION
CASE NO:

**50 2009 CA 0 0 8 4 6 1 XXXX MB**

STEVEN E. LEBER, AS TRUSTEE OF THE
STEVEN E. LEBER CHARITABLE REMAINDER UNITRUST,
    Plaintiff

v.

PAUL J. KONIGSBERG and KONIGSBERG WOLF & CO., P.C.,
    Defendants.
    _____/

## SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the Complaint
in this action on Defendant:

        **KONIGSBERG WOLF & CO., P.C.**
        **440 PARK AVENUE SOUTH**
        **NEW YORK, NEW YORK 10016**

    Defendant is required to serve written defenses to the Complaint on Plaintiff's
Attorney:

        **LEE MILICH, P. A.**
        **100 West Cypress Creek Road**
        **Suite 935, Trade Centre South**
        **Ft. Lauderdale, FL 33309**
        **Tel (954) 771 0211**
        **Fax (954) 771 1128**

within twenty (20) days after service of this summons on the Defendant, exclusive of the
day of service, and to file the original of the defenses with the Clerk of this Court either
before service on Plaintiff's attorney or immediately thereafter. If Defendant fails to do
so, a default will be entered against the Defendant for the relief demanded in the
Complaint.

CERTIFIED IN
COUNTY/C

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in the Administrative Office of the Court, Palm Beach County Courthouse, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401; telephone number (561)355-4380 within two (2) working days of your receipt of this Order; if you are hearing or voice impaired, call 1-800-955-8771.

Dated:  March ___, 2009.

MAR 1 0 2009

SHARON R. BOCK
Clerk & Comptroller

CLERK OF THE COURTS

BY: _____
DEPUTY CLERK
COURT SEAL

DENISE M LAFFERTY

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 50 2009 CA 008461 XXXX MB

STEVEN E. LEBER, AS TRUSTEE OF
THE STEVEN E. LEBER CHARITABLE
REMAINDER UNITRUST,

        Plaintiff,

vs.

PAUL J. KONISBERG and KONISBERG,
WOLF & CO., P.C.,

        Defendants.

_____/

## DEFENDANTS' NOTICE OF APPEARANCE

COLE SCOTT & KISSANE, P.A. hereby gives notice of its appearance on behalf of Defendants, PAUL J. KONISBERG and KONISBERG, WOLF & CO., P.C., (hereinafter, collectively, "Defendants") and requests that copies of all motions, notices, and other pleadings heretofore or hereafter filed or served in this cause be furnished to the undersigned.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served, via facsimile and U.S. mail, this 15 day of April 2009, upon Lee Milich, Esq., Counsel for Plaintiff, Lee Milich P.A., 100 W. Cypress Creek Road, Suite 935, Fort Lauderdale, Fl 33309.

COLE, SCOTT & KISSANE, P.A.
*Attorneys for Defendants Paul J.*
*Konigsberg and Konigsberg Wolf & Co., P.C.*
9150 S. Dadeland Boulevard, Suite 1400
Miami, Florida 33156
E-Mail Address: blake.sando@csklegal.com
Telephone: (305) 350-5365
Facsimile: (305) 373-2294

By: _____
    RICHARD P. COLE
    FBN: 186589
    BLAKE S. SANDO
    FBN: 0939293

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 50 2009 CA 008461 XXXX MB

STEVEN E. LEBER, AS TRUSTEE OF
THE STEVEN E. LEBER CHARITABLE
REMAINDER UNITRUST,

        Plaintiff,

vs.

PAUL J. KONIGSBERG and KONIGSBERG,
WOLF & CO., P.C.,

        Defendants.

_____/

## DEFENDANTS' UNOPPOSED NOTICE OF REMOVAL

TO THE COURT, THE ABOVE LISTED PLAINTIFF, AND THE ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that Defendants, PAUL J. KONIGSBERG and KONIGSBERG

WOLF & CO., PC., filed a Notice of Removal of Action under 28 USC § 1441 ("Notice of

Removal") with the Southern District of Florida, West Palm Beach Division, on April 17th, 2009.

The Removal is made with the full reservation of rights to the Defendants.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true copy of the foregoing was served, via facsimile, this

17th day of April, 2009, upon Lee Milich, Esq., Counsel for Plaintiff, Lee Milich P.A., 100 W.

Cypress Creek Road, Suite 935, Fort Lauderdale, Fl 33309.

        COLE, SCOTT & KISSANE, P.A.
        *Attorneys for Defendants*
        Dadeland Centre II
        9150 S. Dadeland Boulevard, Suite 1400
        Miami, Florida 33156
        E-Mail Address: blake.sando@csklegal.com
        Telephone: (305) 350-5365
        Facsimile: (305) 373-2294

        By: _____
            BLAKE S. SANDO
            FBN: 0939293

EXHIBIT
"B"
9101-0470

IN THE CIRCUIT COURT OF THE

15TH JUDICIAL CIRCUIT IN AND FOR

PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 50 2009 CA 008461 XXXX MB

STEVEN E. LEBER, AS TRUSTEE OF THE STEVEN E. LEBER CHARITABLE REMAINDER UNITRUST,

        Plaintiff,

vs.

PAUL J. KONIGSBERG and KONIGSBERG, WOLF & CO., P.C.,

        Defendants.

_____/

## AFFIDAVIT OF PAUL KONIGSBERG

STATE OF FLORIDA:

COUNTY OF *Palm Beach*:

    BEFORE ME, the undersigned authority on this day personally appeared Mr. Paul Konigsberg who being by me first duly sworn did on his oath depose and say:

My name is Paul Konigsberg. I am over the age of eighteen (18) years. I submit this affidavit as an authorized representative of Defendant KONIGSBERG WOLF & CO., P.C., as well as individually.

At all times material hereto,

I am a citizen of the United States of America.

My primary residence and domicile is located at 19 Pinecroft Road in



EXHIBIT
"C"
4101-0470

Greenwich, Connecticut, which is my true, fixed, and permanent home. I have the intention of returning to this residence whenever I am absent therefrom.

I am an employee and president for KONIGSBERG WOLF & CO., P.C. I have personal knowledge of the operations, corporate structure, business dealings and management of the Defendant.

KONIGSBERG WOLF & CO., P.C. provides accounting services for clients in numerous states, including New York and Florida.

KONIGSBERG WOLF & CO., P.C. is incorporated in the State of New York, where its principal place of business is located. The New York office of KONIGSBERG WOLF & CO., P.C. employs approximately 50 people. KONIGSBERG WOLF & CO., P.C. is not incorporated in the State of Florida.

The New York office of KONIGSBERG WOLF & CO., P.C., is the principal office of the firm where the books and records are kept and all major management and operational decisions are made.

At the time of all events alleged in the Plaintiff's Complaint, the principal place of business for KONIGSBERG WOLF & CO., P.C. was located in New York.

KONIGSBERG WOLF & CO., P.C. has a small office in the State of Florida, which employs 1 person. I do not take part in the daily management at the Florida office of KONIGSBERG WOLF & CO., P.C., and no major management or operational decisions are made in the Florida office.

My place of employment is at the New York office of KONIGSBERG WOLF & CO., P.C., located at 440 Park Avenue South, New York, NY 10016. I do not have a personal office at the Florida office of KONIGSBERG WOLF & CO., P.C.

The vast majority of KONIGSBERG WOLF & CO., P.C.'s clients are located in the State of New York.

All work prepared by KONIGSBERG WOLF & CO., P.C. for the Plaintiff in this lawsuit was prepared at the New York office of KONIGSBERG WOLF & CO.

I spend approximately (80) days a year in the State of Florida, the rest of my time is mostly spent in New York and in Connecticut, as this is where my primary residence is located.

I have no intention to permanently remain in the State of Florida or consider Florida to be my primary residence.

I am registered to vote in the State of Connecticut. I am not registered to vote in the State of Florida.

My bank and brokerage accounts are located in the State of New York.

I file non resident tax returns in the State of New York.

FURTHER AFFIANT SAYETH NAUGHT.

MR. PAUL KONIGSBERG

SWORN TO AND SUBSCRIBED before me this 17th day of April 2009.

NOTARY PUBLIC

My Commission Expires:

KATHLEEN O'BRIEN
MY COMMISSION # DD 504221
EXPIRES: January 7, 2010
Bonded Thru Notary Public Underwriters

(Print, Type or Stamp Commissioned
Name of Notary Public

Personally known ≤ OR Produced Identification ≤

Type        of        Identification        Produced:

COLE, SCOTT & KISSANE, P.A.
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294
FAX

®JS 44 (Rev. 1/05)    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS:** Steven E. Leber, as Trustee of the Steven Leber Charitable Remainder Unitrust

**DEFENDANTS:** Paul J. Konigsberg and Konigsberg, Wolf & Co., P.C.

**(b)** County of Residence of First Listed Plaintiff: Palm Beach County

County of Residence of First Listed Defendant Greenwich, Fairfield County CT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Lee Milich, Esq., 100 W. Cypress Creek Road, Suite 395,
Fort Lauderdale, Fl 33309

Attorneys (If Known): Richard P. Cole, 9150 S Dadeland Boulevard, Suite 1400, Miami, Fl 33156; (305) 350-5300

**(d)** Check County Where Action Arose: O MIAMI- DADE O MONROE O BROWARD O PALM BEACH O MARTIN O ST. LUCIE O INDIAN RIVER O OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| O 1 U.S. Government Plaintiff | O 3 Federal Question (U.S. Government Not a Party) |
| O 2 U.S. Government Defendant | X 4 Diversity (Indicate Citizenship of Parties in Item III) |

09CV80593 KAM/LRJ

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF DEF | | | PTF DEF |
|---|---|---|---|---|
| Citizen of This State | X 1 | O 1 Incorporated or Principal Place of Business In This State | O 4 | O 4 |
| Citizen of Another State | O 2 | X 2 Incorporated and Principal Place of Business In Another State | O 5 | O 5 |
| Citizen or Subject of a Country | O 3 | O 3 Foreign Nation | O 6 | O 6 Foreign |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane o 315 Airplane Product Liability | □ 620 Other Food & Drug | □ 423 Withdrawal 28 USC 157 | □ 410 Antitrust |
| □ 130 Miller Act | | □ 625 Drug Related Seizure of Property 21 USC 881 | | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | □ 630 Liquor Laws 640 R.R. & Truck 650 Airline Regs. | | □ 450 Commerce |
| □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers' Liability O 340 Marine | □ 660 Occupational Safety/Health | **PROPERTY RIGHTS** | □ 460 Deportation |
| □ 151 Medicare Act | □ 345 Marine Product Liability | □ 690 Other | □ 820 Copyrights | □ 470 Racketeer Influenced and Corrupt Organizations |
| □ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | □ 350 Motor Vehicle | | □ 830 Patent | □ 480 Consumer Credit |
| □ 153 Recovery of Overpayment of Veteran's Benefits | □ 355 Motor Vehicle Product Liability | **LABOR** | | □ 490 Cable/Sat TV |
| □ 160 Stockholders' Suits | □ 360 Other Personal Injury | O 710 Fair Labor Standards Act | **SOCIAL SECURITY** | □ 810 Selective Service |
| □ 190 Other Contract | **PERSONAL INJURY** | O 720 Labor/Mgmt. Relations | □ 861 HIA (1395ff) | □ 850 Securities/Commodities/ Exchange |
| □ 195 Contract Product Liability | □ 362 Personal Injury - Med. Malpractice | O 730 Labor/Mgmt. Reporting & Disclosure Act | □ 862 Black Lung (923) | □ 875 Customer Challenge 12 USC 3410 |
| □ 196 Franchise | □ 365 Personal Injury - Product Liability | O 740 Railway Labor Act | □ 863 DIWC/DIWW (405(g)) | □ 890 Other Statutory Actions |
| **REAL PROPERTY** | □ 368 Asbestos Personal Injury Product Liability | O 790 Other Labor Litigation | □ 865 RSI (g) | □ 891 Agricultural Acts |
| o 210 Land Condemnation | **PERSONAL PROPERTY** | O 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | □ 892 Economic Stabilization Act |
| o 220 Foreclosure | □ 370 Other Fraud | | □ 840 Trademark | □ 893 Environmental Matters |
| O 230 Rent Lease & Ejectment | □ 371 Truth in Lending | | | □ 894 Energy Allocation Act |
| O 240 Torts to Land | □ 380 Other Personal Property Damage | | □ 870 Taxes (U.S. Plaintiff or Defendant) | □ 895 Freedom of Information Act |
| O 245 Tort Product Liability | □ 385 Property Damage Product Liability | | □ 871 IRS—Third Party 26 USC 7609 | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| O 290 All Other Real Property | □ 510 Motions to Vacate | | | □ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| O 441 Voting | Sentence Habeas Corpus: | | | |
| O 442 Employment | □ 530 General | | | |
| O 443 Housing/ Accommodations | □ 535 Death Penalty | | | |
| O 444 Welfare | □ 540 Mandamus & Other | | | |
| O 445 Amer. w/Disabilities - Employment | □ 550 Civil Rights | | | |
| O 446 Amer. w/Disabilities - Other | □ 555 Prison Condition | | | |
| O 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| O 1 Original Proceeding | X 2 Removed from State Court | O 3 Re-filed (see VI below) | O 4 Reinstated or Reopened | O 5 Transferred from another district (specify) | O 6 Multidistrict Litigation | O 7 Judge from Magistrate Judgment |

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page:)

a) Re-filed Case X YES O NO

Docket # 09-CA 0008461XXXXMB
Palm Beach Cty

Professional Negligence Action

725717    1350

DEMAND
$4,001,519.39

FILED by ___ D.C.
ELECTRONIC

**Apr. 20, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite juri**
**unless diversity): 28 USC 1441 (Removal); 28 USC 1332 (Diversity) and 28 USC 1446 (Removal)**

LENGTH OF TRIAL via     **5** days estimated (for both sides to try entire case)

**VIII. REQUESTED IN** 0 CHECK IF THIS IS A **CLASS ACTION**

**COMPLAINT:**     UNDER F.R.C.P. 23
CHECK YES only if demanded in complaint: **JURY**

**DEMAND:**     ☒ **Yes** ☐ No
**FOR OFFICE USE ONLY**

| AMOUNT | RECEIPT # | IFP |
|---|---|---|

**VII. CAUSE OF**
**ACTION:**

Richard P. Cole, Esq..     _Richard P. Cole_ (signature)     4/17/2009

**ABOVE INFORMATION IS TRUE & CORRECT TO THE**     SIGNATURE OF ATTORNEY OF RECORD     DATE
**BEST OF MY KNOWLEDGE**

725717

350 ⁰⁰